

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-24-00128-CR
_____

DERRIK D. FIELDS, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 102nd District Court
Bowie County, Texas
Trial Court No. 19F1141-102

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Justice Rambin

MEMORANDUM OPINION

On October 8, 2019, Derrik D. Fields pled guilty to the third-degree-felony offense of fraudulent use or possession of identifying information. *See* TEX. PENAL CODE ANN. § 32.51(c)(2).[1] The trial court sentenced Fields to ten years' imprisonment, suspended that sentence, and placed Fields on ten years' community supervision. The State moved to revoke Fields's community supervision. Fields pled not true to the allegations. At the hearing on the motion to revoke, the trial court found the allegations true. The trial court revoked Fields's community supervision and sentenced him to ten years' confinement in prison. Fields appeals.

Fields's attorney filed a brief stating that she reviewed the record and found no genuinely arguable issues that could be raised on appeal. The brief sets out the procedural history of the case and summarizes the evidence elicited during the trial court proceedings. Since counsel provided a professional evaluation of the record demonstrating why there are no arguable grounds to be advanced, that evaluation meets the requirements of *Anders v. California*. *See Anders v. California*, 386 U.S. 738, 743–44 (1967); *In re Schulman*, 252 S.W.3d 403, 406 (Tex. Crim. App. 2008) (orig. proceeding); *Stafford v. State*, 813 S.W.2d 503, 509–10 (Tex. Crim. App. 1991); *High v. State*, 573 S.W.2d 807, 812–13 (Tex. Crim. App. [Panel Op.] 1978). Counsel also filed a motion with this Court seeking to withdraw as counsel in this appeal.

On October 7, 2024, counsel mailed copies of the following to Fields: (1) counsel's *Anders* brief, (2) counsel's motion to withdraw, and (3) copies of the clerk's record and reporter's record. Counsel also advised Fields that he had thirty days to submit his pro se

---

[1] The offense occurred in August 2019.

response to the *Anders* brief or a motion to extend his deadline to respond. We received neither a pro se response from Fields nor a motion requesting an extension of time in which to file such a response.

We have reviewed the entire appellate record and have independently determined that no reversible error exists. *See Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005).

We affirm the trial court's judgment.[2]


Jeff Rambin
Justice

Date Submitted:     December 27, 2024
Date Decided:       February 14, 2025

Do Not Publish

---

[2]Since we agree that this case presents no reversible error, we also, in accordance with *Anders*, grant counsel's request to withdraw from further representation of appellant in this case. *See Anders*, 386 U.S. at 744. No substitute counsel will be appointed. Should appellant desire to seek further review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review. Any petition for discretionary review (1) must be filed within thirty days from either the date of this opinion or the date on which the last timely motion for rehearing was overruled by this Court, *see* TEX. R. APP. P. 68.2, (2) must be filed with the clerk of the Texas Court of Criminal Appeals, *see* TEX. R. APP. P. 68.3, and (3) should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure, *see* TEX. R. APP. P. 68.4.